UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RUSSELL O. STONEKING,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | 3:13-cv-3409 |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner Russell Stoneking has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. d/e 1). Stoneking is currently in federal prison, after having pleaded guilty to manufacturing drugs and to possessing a firearm in furtherance of a drug trafficking crime. He alleges that a recent Supreme Court decision has breathed new life into an argument he raised during his prosecution in 2004, when he filed a motion to suppress certain evidence.

In 2004, this Court rejected Stoneking's argument and denied the motion to suppress. Now, Stoneking has filed a Section 2255 motion, also known as a habeas petition. Stoneking argues that

this Court should consider his suppression argument anew, in the light of the recent Supreme Court decision <u>Bailey v. United States</u>, 133 S.Ct. 1031 (2013).

The United States of America has filed a motion to dismiss Stoneking's Section 2255 motion (Civ. d/e 5).  The Government says the Court should dismiss the motion because Stoneking has waived his right to collaterally attack his conviction and sentence. (<u>Id</u>. ¶ 2.)

### I.   Background

Stoneking was arrested in 2004.  The arresting officers had been investigating a report of an abnormal smell coming from an apartment unit in Lincoln, Illinois.  At the time of the investigation, Stoneking was standing in the parking lot next to the apartment complex.  One officer asked Stoneking for permission to search him. Stoneking consented.  (Crim. d/e 12 at 9.)  The search revealed contraband on Stoneking's person, and a subsequent search revealed contraband in his vehicle.  The officers arrested Stoneking.

While awaiting trial, Stoneking filed a motion to suppress the evidence found on his person and in his vehicle.  (Crim. d/e 11.) Stoneking argued that the evidence was the result of an illegal

detention and, therefore, was obtained in violation of his Fourth Amendment rights. (Id.) In response, the Government argued that the police had not detained Stoneking prior to asking for Stoneking's consent to be searched. (Crim. d/e 12.) The Court denied Stoneking's motion to suppress. (Crim. d/e 14.)

## II. Issues

The Government urges the Court to dismiss Stoneking's 2255 motion on the ground that Stoneking has waived his right to file it. In 2005, the Government agreed to dismiss two of its counts against Stoneking, and in exchange Stoneking agreed to plead guilty to the remaining two counts. The Government and Stoneking then signed a plea agreement, in which Stoneking waived his right to collaterally attack his conviction and sentence:

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States …. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. … Understanding these rights, and having thoroughly discussed those rights with his attorney, <u>the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence</u>. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. Regardless of any advice the defendant's attorney may have given him, in

> exchange for the concessions made by the United States in this plea agreement, <u>the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence</u>.

(Crim. d/e 16 ¶ 14 (emphasis added).)  A "collateral attack" on a conviction is an attack brought outside the context of a direct appeal from a conviction.  As the plea agreement explained, a collateral attack usually takes the form of a separate lawsuit initiated by filing a motion under 28 U.S.C. § 2255.

 A defendant's waiver in a plea agreement of his right to collaterally attack his conviction and sentence is generally enforceable.  <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999).  And the Seventh Circuit has "never been reluctant to hold criminal defendants to their promises."  <u>Roberts v. United States</u>, 429 F.3d 723 (7th Cir. 2005) (upholding dismissal of Section 2255 motion because of plea agreement waiver).  In fact, a defendant can only evade such a waiver in limited circumstances: if the plea agreement was involuntary; if the sentencing court relied on a constitutionally impermissible factor at sentencing; if the sentence exceeded the statutory maximum sentence; or if the defendant received ineffective assistance of counsel in connection with the

plea agreement's negotiation.  Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011).

Thus, the Government argues, the Court need not consider Stoneking's motion on its merits: the motion is barred because Stoneking waived his right to collaterally attack his conviction and sentence other than on the limited grounds available to him.  And indeed, in response to the Government's motion to dismiss, Stoneking acknowledges that he has "waived his right to collaterally attack his conviction and sentence without condition."  (Civ. d/e 6.)

However, Stoneking argues that his Section 2255 motion is not a challenge to his conviction or sentence.  (Civ. d/e 6.)  Rather, Stoneking says, his Section 2255 motion challenges this Court's denial of his motion to suppress evidence.  (Civ. d/e 6.)  The waiver, Stoneking says, binds him from "attempt[ing] to challenge his conviction and sentence," but not from challenging the denial of his motion to suppress evidence.  (Id.)  According to Stoneking, the language in the caption on the Section 2255 motion form that he completed and filed—"Motion to Vacate, Set Aside, or Correct Sentence"—does not mean that his Section 2255 motion is a challenge to his conviction or sentence.  (Id.)

But Section 2255 petitioners may not evade dismissal on waiver grounds by purporting to challenge something other than their conviction or sentence. In Mason v. United States, the Section 2255 petitioner claimed that he had been denied effective assistance of counsel when his attorney failed to make certain objections at his sentencing hearing. 211 F.3d 1065, 1067 (7th Cir. 2000). The petitioner argued that the waiver in his plea agreement did not preclude his Section 2255 motion because he was "challenging his counsel's performance, not his sentence itself." Id. at 1068. The district court rejected this argument. The court found that the petitioner's claim of ineffective assistance was "nothing more than a challenge to his sentence." Id. On appeal, the Seventh Circuit affirmed, emphasizing that the question was whether the petitioner could "establish a claim of ineffective assistance of counsel in connection with negotiating the [plea] agreement." Id. at 1069 (emphasis added). Finding that the petitioner's Section 2255 challenge had "nothing to do" with the negotiation of the waiver in his plea agreement, the court affirmed the district court's dismissal. Id.

Thus, Stoneking may not evade his waiver of his right to

collaterally attack his conviction simply by re-phrasing the object of his attack. The denial of Stoneking's motion to suppress evidence may well be the decision to which Stoneking objects, but it was a decision that led to his criminal conviction—the true target of Stoneking's motion. And, as mentioned above, Stoneking acknowledges that he has waived his right to collaterally attack that conviction. (Civ. d/e 6.)

Stoneking argues in the alternative that, if the Court finds that Section 2255 motions challenge only convictions and sentences, the Court should "construe" Stoneking's motion "as the court deem proper" in order to "grant the applicable relief." (Id.) Stoneking specifically suggests that the Court interpret his motion as a petition for a "writ of Audita Querela." (Id.; see also Civ. d/e 2.) Stoneking writes that, because "a writ of Audita Querela is not held to the same standard as a § 2255 habeas petition," his waiver does not "foreclose" his motion if it is interpreted as a petition for such a writ. (Civ. d/e 6.) Thus, Stoneking says, the Court "can grant the appropriate relief in the interest of justice irrespective of the waiver claim raised by the government." (Civ. d/e 6.)

However, as the Seventh Circuit has explained, "Prisoners

cannot avoid the [habeas] rules by inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (Easterbrook, J.). The Seventh Circuit could hardly have been more emphatic on this point:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover. ... Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."

Id. at 857 (emphasis added); see also United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000) ("any post-judgment motion in a criminal proceeding that fits the description of § 2255 ... is a motion under § 2255").

Here, in addition to having been captioned as a Section 2255 motion, Stoneking's motion substantively is a Section 2255 motion. Section 2255 explicitly authorizes a federal prisoner to ask the court that sentenced him "to vacate, set aside, or correct" his sentence "on the ground that the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). That is precisely what Stoneking's motion requests. Indeed, he concludes his brief in

support of his motion by explicitly asking "that an Order be entered to vacate the conviction." (Civ. d/e 2.) And even Stoneking's request that his motion be interpreted as a petition for a writ of Audita Querela refers to a "legal defect" in his "conviction." (Id.) Substance controls, and Stoneking's motion is substantively a challenge to his conviction.

Stoneking's final argument is that his plea agreement was "conditional": it explicitly preserved his ability to challenge this Court's denial of his motion to suppress evidence. Indeed, the plea agreement provided that Stoneking "waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence … except … the appeal from the denial of his Motion to Suppress Evidence, and if he prevails on that issue, [Stoneking] reserves the right to then withdraw his guilty pleas." (Crim. d/e 16 at ¶ 13 (emphasis added).)

Thus, Stoneking argues, the waiver in his plea agreement does not preclude this Section 2255 motion, because his claim here is "inseparable from" the arguments he raised in his motion to suppress evidence. As Stoneking puts it, "Absolutely nothing in the plea agreement limits [him] from pursuing the denial of the Motion

to Suppress." (Civ. d/e 6.)

True, Stoneking's plea agreement preserved his right to appeal the denial of his motion to suppress. But it does not follow that Stoneking may now challenge that denial in a Section 2255 motion. While Stoneking's direct appeal waiver explicitly preserved his right to directly appeal the denial of his motion to suppress, his collateral attack waiver contained no such exceptions. (Crim. d/e 16 at 6-8.) So although Stoneking preserved his right to directly appeal the denial of his motion to suppress—an appeal he pursued and lost— he did not preserve his right to collaterally attack that denial. See, e.g. United States v. Watkins, 04-309-3, 2013 U.S. Dist. LEXIS 10816, *7 (W.D. Pa. Jan. 28, 2013).

In Watkins, the Section 2255 petitioner had signed a plea agreement containing "several enumerated exceptions" to his waiver of his right to directly appeal. Id. at *2. By contrast, the plea agreement's waiver of the petitioner's right to a collateral attack contained no exceptions. Id. at *7. Noting this difference, the Court found that the petitioner had waived his right to collaterally attack his sentence. Id. ("unlike his direct appeal waiver, which explicitly preserved his right to take a direct appeal under certain

enumerated circumstances, [his collateral attack waiver] contains no exceptions") (emphasis in original).  The court denied the Section 2255 motion.

This result is consistent with the Seventh Circuit's repeated pronouncements that courts should enforce collateral attack waivers except in certain, limited circumstances.  See, e.g. Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) ("We have generally upheld and enforced [collateral attack] waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.") (quotation omitted, alteration in original).  A petitioner's having preserved the right to directly appeal the denial of a motion is not among those circumstances.

Stoneking argues that this result is inequitable in his situation because it was not until many years after his appeal that the Supreme Court issued its opinion in Bailey v. United States, the source of the new case law on which Stoneking bases his Section

2255 motion. 133 S.Ct. 1031 (2013) (person outside immediate vicinity of premises being searched may not be detained incident to search without "some other rationale"). Stoneking says that, because the basis for overturning the denial of his motion to suppress did not exist when he directly appealed the denial, he should be allowed to challenge the denial now in his Section 2255 motion.

But absent exceptions not pertinent in this case, if the Supreme Court issues a new rule, test, or standard after a prisoner's time for direct appeal has ended, that prisoner cannot rely on the new rule as a basis for relief under Section 2255. Teague v. Lane, 489 U.S. 289, 310 (1989) (plurality opinion) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."); see also Fryer v. United States, 243 F.3d 1004, 1009 (7th Cir. 2001) (quoting same language); see also Burries v. United States, 12-cv-2212, 2013 U.S. Dist. LEXIS 135367, *8 (C.D. Ill. Sept. 23, 2013) (McCuskey, J.) (dismissing Section 2255 motion on waiver grounds for petitioner who argued that "subsequent developments in case law" had redefined "felony" in manner

favorable to his defense).

No Section 2255 petitioner wishes to be dismissed on a technicality. But meaningful policy considerations justify these procedural rules. As Justice Harlan once explained, "The interest in leaving concluded litigation in a state of repose, that is, reducing the controversy to a final judgment not subject to further revision, may quite legitimately be found by those responsible for defining the scope of the [habeas] writ to outweigh in some, many, or most instances the competing interest in readjudicating convictions according to all legal standards in effect when a habeas petition is filed." Mackey v. United States, 401 U.S. 667, 682-83 (1971) (Harlan, J., concurring); see also Teague v. Lane, 489 U.S. 288 at 309 (1989) (plurality opinion) ("Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system."). This is all the more true when the petitioner has waived his right to collaterally challenge his conviction and sentence.

### III. Conclusion

Stoneking has waived his right to collaterally challenge his

conviction and sentence.  Therefore, the Court need not consider the substantive merits of Stoneking's motion.  See Mason, 211 F.3d at 1069-70.  The United States of America's Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Civ. d/e 5) is GRANTED.  Petitioner Russell Stoneking's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. d/e 1) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court also denies a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the Court should issue a certificate of appealability if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable that Stoneking's motion is barred by his waiver.

This case is closed.

IT IS SO ORDERED.

ENTER:  October 15, 2015

FOR THE COURT:          s/ Sue E. Myerscough
                        SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE